UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW A. KEEVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-02670-SEB-DLP |
| WARDEN, | ) ) ) ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Andrew A. Keever petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number NCF 20-05-0055. For the reasons explained in this Order, Mr. Keever's habeas petition is **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On May 14, 2020, Investigator Sammy Joseph wrote a Report of Conduct charging Mr. Keever with possession or use of controlled substance analog, a violation of the Indiana Department of Correction's Adult Disciplinary Code offense B-202. The Report of Conduct states:

> On above date and approximate time, inmate Keever, A #190181 was called to the K3 lower bathroom to be searched during a group search of the unit. Upon searching inmate Keever's altered shorts (khaki state issued cloth material sewn in sides as pockets), IA Joseph found a hollow ink pen with a small white piece of paper inside the right altered pocket. There were also two batteries and a piece of metal in the pocket, commonly used to light cigarettes, along with a burnt mark on the shorts on the same side. When asked what the paper was, inmate Keever replied, 'Um, that's um, nothing.' When asked why there was a hollow ink pen, a 'burn pack' (referring to the batteries and metal used for lighting cigarettes) in his possession, and a burnt mark on his shorts, inmate Keever shrugged his shoulders and did not verbally reply. Due to the multiple medical emergencies called in K3 during recent weeks shortly after groups of inmates (including Keever) exited the bathroom from smoking, as well as the paper appearing to have been saturated and similar in appearance to altered paper soaked in K2 synthetic cannabinoids, Keever was advised he would be receiving a conduct report for B-202 'Possession or Use of Controlled Substance Analog' due to having a look alike substance on his person.

Dkt. 13-1.

Mr. Keever was notified of the charge on May 21, 2020, when he received the Screening Report. Dkt. 13-3. He pled not guilty to the charge, and did not request witnesses or evidence. *Id.*

A hearing was held in disciplinary case number NCF 20-05-0055 on June 9, 2020. Dkt. 13-5. Mr. Keever told the disciplinary hearing officer (DHO) that the seized property was "for tattooing" and that the empty pen was "for holding needles." *Id.* He did not have any needles at the time, he said, and added "I am the tattoo artist." *Id.*

Based on Mr. Keever's statement, the staff reports, and pictures of the seized property, the DHO found Mr. Keever guilty of violating Code B-231, making or possessing intoxicants. The sanctions imposed included a thirty-day earned-credit-time deprivation. *Id.*

Mr. Keever appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 13-6 & 13-7. Both appeals were denied. *Id.* He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The Warden has filed his return and the disciplinary record. Dkt. 13. Mr. Keever did not file a reply.

**C.   Analysis**

Mr. Keever raises two grounds for habeas corpus relief. First, he argues that his request to have the evidence tested was denied. Second, he argues that the disciplinary case was pursued in retaliation for an earlier "dead-end investigation." Dkt. 1 at 2.

**1.   Ground One**

In prison disciplinary proceedings, inmates have no federal constitutional right to laboratory testing of suspected controlled substances so long as there are other reliable indicia to suggest the substance is contraband. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test, just as the hearing officer implied by calling those demands unreasonable. Prison administrators are not obligated to create favorable evidence or produce evidence they do not have. Without a specific reason to doubt the field test—and no reason was suggested by Manley—the hearing officer could rely on the results of the field test."). Mr. Keever states in his petition that he DHO would not test the evidence. Dkt. 1 at 2. Other then his contention that the seized property was "trash," Mr. Keever offers no other reason why the evidence should have been tested. Habeas corpus relief on Mr. Keever's first ground for relief is **denied**.

**2.   Ground Two**

The Warden contends that Mr. Keever failed to exhaust his administrative appeals concerning his second ground for relief. Dkt. 13 at 8. The Court agrees.

In Mr. Keever's appeal to the facility Warden, he writes in detail about being denied testing of the seized property and his being a tattoo artist. Dkt. 1-1 at 3. There is no mention or discussion, expressly or that can be implied, that the disciplinary hearing was a retaliatory action. *Id.* There is no mention of the initial conduct report being misdated. *Id.* These arguments appear for the first time in Mr. Keever's petition for a writ of habeas corpus. Dkt. 1 at 2.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Because Mr. Keever's retaliation claim was not raised in the administrative appeals, it cannot be the basis of habeas corpus relief.

Habeas corpus relief on Mr. Keever's second ground for relief is **denied**.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Keever to the relief he seeks. Accordingly, Mr. Keever's petition for a writ of habeas corpus is **denied**. Ground One of the petition is **dismissed** with prejudice; Ground Two of the petition is **dismissed** without prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/14/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew A. Keever
190181
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

David Corey
Indiana Attorney General
david.corey@atg.in.gov

Anna Wei Elcesser
Indiana Attorney General
anna.elcesser@atg.in.gov

Benjamin Myron Lane Jones
Indiana Attorney General
benjamin.jones@atg.in.gov